**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No.** 26-mj-8815-RMM

**UNITED STATES OF AMERICA**

**v.**

**HECTOR RENE SOLIS,**

**Defendant.** /

FILED BY MEE D.C.

Oct 27, 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COVER SHEET

1. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? ☐ Yes ☑ No

2. Did this matter involve the participation of or consultation with now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? ☐ Yes ☑ No

3. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? ☐ Yes ☑ No

4. Did this matter involve the participation of or consultation with Magistrate Judge Yeney Hernandez during her tenure at the U.S. Attorney's Office, which concluded on April 2, 2026? ☐ Yes ☑ No

5. Did this matter involve the participation of or consultation with Magistrate Judge Brandy Brentari Galler during her tenure at the U.S. Attorney's Office, which concluded on July 30, 2026? ☐ Yes ☑ No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

BY: *Shannon O'Shea Darsch*

SHANNON O'SHEA DARSCH
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 68566
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: (561) 820-8711
Email: shannon.darsch@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

United States of America
v.
HECTOR RENE SOLIS,

*Defendant(s)*

Case No. 26-mj-8815-RMM

FILED BY MEE D.C.
Oct 27, 2026
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of October 26, 2026 in the county of Palm Beach in the Southern District of Florida, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 8 U.S.C. § 1326(a) and (b)(2) | Illegal reentry after prior deportation |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

[signature]
*Complainant's signature*

Deportation Officer Andy Korzen, ICE
*Printed name and title*

Sworn and Attested to me by Applicant by Telephone (FaceTime) pursuant to Fed. R. Crim. P. 4(d) and 4.1

Date: 10/27/26

[signature]
*Judge's signature*

City and state: West Palm Beach, FL

Hon. Ryon M. McCabe, U.S. Magistrate Judge
*Printed name and title*

**AFFIDAVIT**
**OF**
**ANDY KORZEN**
**UNITED STATES DEPARTMENT OF HOMELAND SECURITY**
**IMMIGRATION AND CUSTOMS ENFORCEMENT**

I, Andy Korzen, being duly sworn, depose and state as follows:

1. I am a Deportation Officer with the Immigration and Customs Enforcement (ICE) and have been so employed for over twenty-three years. I am currently assigned to the ICE Enforcement and Removal Operations, West Palm Beach, Florida. My duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that Hector Rene SOLIS committed the offense of illegal re-entry after removal, in violation of Title 8, United States Code, Section 1326(a) and (b)(2).

3. On October 21, 2026, ICE office in Stuart, Florida initiated investigation of Hector Rene SOLIS after receiving referral which indicated that after preliminary search of law enforcement and public databases was conducted there is information that previously deported sexual offender may be residing in Palm Beach County.

4. Review of the Florida Driver and Vehicle Information Database (DAVID) indicates that on or about December 28, 2022, Hector Rene SOLIS registered white 2004

GMC Yukon, tag number Z82IJM. Registration for this vehicle was subsequently renewed and it's valid at this time.

5. Querry of the National Vehicle Location Service (NVLS) database, show that GMC Yukon, tag number Z82IJM was parked near 1037 Old Okeechobee Rd. West Palm Beach, Florida on multiple occasions in last few months.

6. Querry of the Florida Department of Revenue database with social security number assigned to Hector Rene SOLIS, show that between first quarter of 2022 and third quarter of 2025, Hector Rene SOLIS was employed by JFM Motorcars Inc. located at 1023 Old Okeechobee Rd. West Palm beach, Florida 33401.

7. On October 26, 2026, ICE was conducting surveillance in the area of Okeechobee Rd and Terminal Way in West Palm Beach, Florida. At approximately 6:55 am white GMG Yukon bearing Florida tag number Z82IJM parked in front of 1031 Okeechobee Road. At approximately 7:55 am, individual male matching the description of Hector Rene SOLIS exited the vehicle and entered JFM Motorcars, located at 1023 Okeechobee Road. The same individual was observed walking into the garage area of the business and engaged in repairs to the vehicles in the work areas.

8. A review of the immigration records shows that Hector Rene SOLIS is a native and citizen of Guatemala. Records further show that on or about July 22, 2014, Hector Rene SOLIS was ordered removed from the United States. The Order of Removal was executed on or about August 6, 2014, whereby Hector Rene SOLIS was removed from the United States and returned to Guatemala.

9. Records further show that on or about March 3, 1988, in the County Court, Nassau County, State of New York, Hector Rene SOLIS was convicted of the offense of attempted sexual abuse in the first degree, information number 67643.

10. Further review of the records shows that on or about November 14, 2011, in the 17th Judicial Circuit, in and for Broward Couty, State of Florida, Hector Rene SOLIS was convicted of the offense of conspiracy to traffic in cocaine, case number 10-8709CF10C.

11. A record check was performed in the Computer Linked Application Informational Management System to determine if Hector Rene SOLIS filed an application for permission to reapply for admission into the United States after deportation or removal. After a search was performed in that database system, no record was found to exist indicating that Hector Rene SOLIS obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law.

12. Based on the foregoing, I submit that probable cause exists to believe that, on or about October 26, 2026, Hector Rene SOLIS, an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from the Attorney General or the Secretary of the

Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a) and (b)(2).

Andy Korzen
Deportation Officer
Immigration and Customs Enforcement

Sworn and Attested to me by Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this 27 day of October 2026.

RYON M. McCABE
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: Hector Rene Solis

**Case No**: ______

Count #: 1

Illegal re-entry into the United States after deportation or removal

Title 8, United States Code, Section 1326(a) and (b)(2)
* **Max. Term of Imprisonment**: up to 20 years
* **Mandatory Min. Term of Imprisonment (if applicable):** n/a
* **Max. Supervised Release:** up to 3 years
* **Max. Fine:** up to $250,000
* **Special Assessment:** $100 upon conviction

***Refers only to possible term of incarceration, supervised release and fines. It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**